# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

SONNY RAY HARDAWAY,

        Plaintiff,

vs.

STATE OF CALIFORNIA, *et al.*,

        Defendants.

Case No. 2:08-cv-01663-PMP-GWF

**ORDER & FINDINGS AND RECOMMENDATIONS**

    Plaintiff is a state prisoner without counsel seeking relief for alleged civil rights violations. *See* 42 U.S.C. § 1983. He seeks leave to proceed *in forma pauperis* (#2). This proceeding was referred to this Court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

    Plaintiff's declaration makes the showing required by 28 U.S.C. § 1915(a)(1) and (2).

    Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff must pay the $350 filing fee. *See* 28 U.S.C. § 1914(a). An initial partial payment is assessed pursuant to Section 1915(b)(1). After viewing Plaintiff's financial affidavit, Plaintiff's current account balance is $0.00. Plaintiff's average six month balance is $0.00, and Plaintiff's average monthly deposits are $0.00. Plaintiff is not required to make an initial partial payment at this time. However, Plaintiff must make monthly payments of 20 percent of the preceding month's income credited to his trust account. 28 U.S.C. § 1915(b)(2). The agency having custody of Plaintiff shall forward payments from Plaintiff's account to the Clerk of the Court each time the amount in the account exceeds $10 until the filing fee is paid.

    This Court must examine the complaint in "a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of it, if it is frivolous,

malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). What is more, the Court cannot require defendants to reply to such complaints without first determining that the plaintiff has a reasonable possibility of prevailing on the merits of his claims. 42 U.S.C. § 1997e(g).

## BACKGROUND

In his Complaint (#1), Plaintiff alleges that evidence from his trial was excluded in 1999. Plaintiff alleges that Defendants State of California and Arnold Schwarzenegger violated Plaintiff's right to have a clemency hearing. Plaintiff alleges that his right to be free from conspiracy, discrimination, fraud, harassment, intimidation, and retaliation has been violated by Defendants. Plaintiff alleges that Defendant State of California has allowed its black citizens to be wrongly convicted, to be denied due process of law, and to be placed in slavery.

## DISCUSSION

### I.   Screening the Complaint

In reviewing the complaint to determine if it states a claim for relief, the court will construe plaintiff's pleading liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). The court will not dismiss a complaint without first identifying the deficiencies and giving plaintiff an opportunity to cure them. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000); *Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987). But before the undertaking to determine whether the complaint may have merit, the court may insist upon compliance with its rules. *See McNeil v. United States*, 508 U.S. 106, 113 (1993) (federal rules apply to all litigants, including prisoners lacking access to counsel); *see also Crawford-El v. Britton*, 523 U.S. 574, 598 (1998) (encouraging "firm application" of federal rules in prisoner cases).

### II.   Habeas Corpus

Although Plaintiff purports to sue Defendants for alleged civil rights violations, Plaintiff's allegations do not allege a proper claim under § 1983. The exclusive federal remedy for a state prisoner seeking release from confinement is habeas corpus, with its attendant requirement of exhaustion of state remedies, even though such claims may be related to § 1983. *Presier v. Rodriguez*, 411 U.S. 475, 499 n. 14, 93 S.Ct. 1827, 1841 n. 14, 36 L.Ed.2d 439 (1973). The proper approach to determine whether a

plaintiff has a remedy in regard to his right to a fair trial lies in habeas corpus assuming the record shows exhaustion of state remedies. *See Ybarra v. Reno Thunderbird Mobile Home Village*, 723 F.2d 675, 682 (9th Cir. 1984). The Court finds that Plaintiff's allegations that evidence was excluded during his trial falls under habeas corpus. Plaintiff is therefore advised to file a petition for habeas corpus while providing a showing that he has exhausted his state remedies.

**III.    Clemency Hearing**

There is no constitutional right to a clemency hearing. *See Woratzeck v. Stewart*, 118 F.3d 648, 652-53 (9th Cir. 1997); *see also Connecticut Bd. of Pardons v. Dumschat*, 452 U.S. 458, 464, 101 S.Ct. 2460, 2464, 69 L.Ed.2d 158 (1981) ("Unlike probation, pardon and commutation decisions have not traditionally been the business of the courts; as such, they are rarely, if ever, appropriate subjects for judicial review.... [A]n inmate has no 'constitutional or inherent right' to commutation of his sentence."); *see Joubert v. Nebraska Bd. of Pardons*, 87 F.3d 966, 968 (8th Cir. 1996) ("It is well-established that prisoners have no constitutional or fundamental right to clemency."), *cert denied*, 518 U.S. 1035, 117 S.Ct. 1, 135 L.Ed.2d 1097 (1996). Since there is no constitutional right to clemency, the Court finds that Plaintiff's allegations that Defendants State of California and Schwarzenegger violated Plaintiff's right to have a clemency hearing fails to state a claim upon which relief may be granted under § 1983.

**IV.    Immunity**

The Eleventh Amendment prohibits federal courts from hearing suits brought against a state by its own citizens. *See Brooks v. Sulphur Springs Valley Elec. Coop.*, 951 F.2d 1050, 1053 (9th Cir. 1991). The Supreme Court has found that states and state agencies are not "persons" for § 1983 purposes. *See Will v. Michigan Dept. State Police*, 491 U.S. 58, 71, 109 S.Ct. 2304, 2312, 108 L.Ed.2d 45 (1989). Under the doctrine of sovereign immunity, a state, which includes state agencies, cannot be sued for money damages under § 1983 and may be sued only for prospective relief such as an injunction. *Will v. Michigan Dept. State Police*, 491 U.S. 58, 70-71 n.10, 109 S.Ct. 2304, 2312, 108 L.Ed.2d 45 (1989). Here, Plaintiff names the State of California as Defendant and seeks the sum of ten (10) million dollars for relief. The Court finds that Defendant State of California is not a "person" and cannot be sued for money damages under § 1983 purposes. *Id.* at 71.

1   The Eleventh Amendment also bars actions seeking damages from state officials acting in their official capacities. *See Eaglesmith v. Ward*, 73 F.3d 857, 859 (9th Cir. 1995); *Pena v. Gardner*, 976 F.2d 469, 472 (9th Cir. 1992) (per curiam). Additionally, the Eleventh Amendment bars individual and official capacity suits for two reasons: (1) there has to be a casual connection between the defendant and any alleged constitutional violation, and (2) an official capacity suit is the same as a suit against the State of California. *See Phillips v. Schwarzenegger*, 2007 WL 1526739, *2 (E.D. Cal. 2007); *see also Gaul v. Schwarzenegger*, 2007 WL 2389839, *2 (E.D. Cal. 2007). Upon review of Plaintiff's allegations, the Court finds that Plaintiff has failed to sufficiently allege a casual connection between Defendant Schwarzenegger and any constitutional violation. Additionally, an official capacity suit against Defendant Schwarzenegger is the same as a suit against the State of California. Defendant Schwarzenegger is therefore immune from suit and cannot be sued in his individual or official capacity as Governor of the State of California.

Upon review of Plaintiff's Complaint (#1), the Court finds that Plaintiff cannot amend his complaint to state a viable cause of action against Defendants. The Court finds that allowing further opportunity to amend the complaint against Defendants would be futile. The screening of Plaintiff's Complaint (#1) has been completed pursuant to 28 U.S.C. §1915A. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's request to proceed *in forma pauperis* (#2) is **granted**.

**IT IS FURTHER ORDERED** that all payments shall be collected in accordance with the notice to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

## RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that Plaintiff's Complaint (#1) should be **dismissed**, with prejudice, based on Plaintiff's failure to state a claim upon which relief may be granted against Defendants State of California and Arnold Schwarzenegger.

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within ten (10) days. The Supreme Court has held that the

courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 20th day of February, 2009.

_____
**GEORGE FOLEY, JR.**
**UNITED STATES MAGISTRATE JUDGE**